GERARD W. BANNISTER v. WILLIAM H. ROUSE.

*Negotiability of note qualified by proviso.*

A promise to pay for goods which contains a provision leaving it optional with the payee to reclaim the goods if they are not paid for by a day certain is assignable after maturity as a *chose in action,* and may be sued upon without being indorsed by the assignor.

Error to Kent.   Submitted Oct. 8.   Decided Oct. 20.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Fred. A. Maynard* for plaintiff in error.   Where the promise to pay in a note is absolute, the farther provision that the payee shall have the option to take back the goods fo⟟.which it is given if there is a default in payment, does not destroy its negotiability :   *Wright v. Irwin* 33 Mich. 32 ; *Preston v. Whitney* 23 Mich. 260.

*Drury & Maher* for defendant in error.   A note is not negotiable that contains another contract than that for the payment of money :   *Austin v. Burns* 16 Barb. 643 ; *Cook v. Satterlee* 6 Cow. 108 ; *Martin v. Chauntry* 2 Strange 1271 ; *Bolton v. Dugdale* 4 B. & A. 619 ; *Davies v. Wilkinson* 10 Ad. & El. 98 ; *Barnes v. Gorman* 6 Rich. 297 ; *Ayrey v. Fearnsides* 4 M. & W. 168 ; *Hartley v. Wilkinson* 4 Camp. 127 ; *Leeds v. Lancashire* 2 Camp. 205 ; *Fralick v. Norton* 2 Mich. 130.

GRAVES, J.   Rouse recovered against Bannister the sum of thirty dollars and forty cents besides costs before a justice of the peace upon certain written undertakings given by Bannister to one Bullock, and the judgment was affirmed in circuit court on *certiorari.*   Bannister then brought error. The title of Rouse was by assignment and not endorsement and the claim is made that the papers were negotiable by the law merchant and were not suable therefore in the name of the transferee without endorsement.   The instruments sued

on were two of a series of twenty of the same kind given on the purchase of a piano. It was provided in each one that the piano should remain the property of Bullock, the payee, until payment, and that in case of default in payment it should be optional with him to take possession of the piano or collect the note. The money was not therefore made payable absolutely and at all events.

By the contract a way was left open for an eventual option on the part of the payee to hold the piano and refuse the money. In case of failure to make payment by the day, whether voluntarily or otherwise, the agreement becomes one entitling the payee to demand the piano instead of money, and this takes place at the moment the right of action arrives. If transferred after maturity no one can ascertain from the face of the paper whether it is or is not an undertaking for money. It seems to me to be wanting in that certainty which the law merchant deems necessary to give it currency according to commercial usage. If correct in this it follows that the want of endorsement was not a valid objection and that the papers were assignable and suable as choses in action.

It appeared that they were received by Rouse as his commission for selling the piano, and that Bannister promised to pay them to him. But that subsequently and whilst they were owned by Rouse he, Bannister, agreed with Bullock to retain the piano and receive back the eighteen notes in Bullock's hands, and then refused to pay Rouse. He testified that when he so returned the piano it was agreed by Bullock that the papers in suit were valueless, and he contended that Rouse held the papers subject to Bullock's power by agreement with him, Bannister, to destroy their value by rescission of the original bargain. The justice found the fact otherwise.

The ruling in regard to evidence worked no prejudice and requires no special notice.

The judgment should be affirmed with costs.

The other Justices concurred.